UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOSEPH WARD, AND JOHN ROLLAND ) ) ) ) Plaintiffs, ) ) v. ) ) DIRECT SOUTH, INC. a ) Georgia CORPORATION ) ) ) Defendants. ) | Civil Action Number: 5:15-CV-103-MTT FLSA Action Jury Trial Demanded |

## COMPLAINT

COME NOW Plaintiffs Joseph Ward and John Rolland (collectively "Plaintiffs") by and through their undersigned counsel, and file this lawsuit against Defendant Direct South, Inc. ("Direct South) pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

### INTRODUCTION

1. The instant action arises from Defendant Direct South's violations of Plaintiffs' rights under the FLSA, 29 U.S.C. §§ 201, et seq., as amended and specifically the provisions of the FLSA found at § 216(b) to remedy violations of

the overtime provisions of the FLSA by Defendant which have deprived Plaintiffs of their lawful overtime wages.

2. This action is brought to recover unpaid overtime compensation owed to Plaintiffs, pursuant to the FLSA.

3. Plaintiffs were employed by Defendant, working from Defendant's operation at 3115 Hillcrest Ave., Macon, Georgia 31204 (hereinafter "Defendant's Macon Location").

4. During the employment of Plaintiffs, Defendant committed violations of the FLSA by failing to compensate Plaintiffs at the legally appropriate overtime rate for all hours worked in excess of 40 hours in a given workweek.

5. During the employment of Plaintiffs, and for at least three years prior to the filing of this Complaint, Defendant committed widespread violations of the FLSA by failing to compensate Plaintiffs at the legally appropriate overtime rate for hours worked in excess of 40 hours in a given work week

6. Plaintiffs seek overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

8. Venue is proper in the Middle District of Georgia under 28 U.S.C. §1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendant is subject to personal jurisdiction in this District.

## PARTIES

9. Plaintiff Joseph Ward ("Plaintiff Ward") resides in Thomaston, Upson County, Georgia (within this District). Upon information and belief, Plaintiff Ward was employed by Defendant to work as a service tech from Defendant's Macon Location from on or about August 8, 2013 thru on or about March 9, 2015.

10. Plaintiff John Rolland ("Plaintiff Rolland") resides in Mableton, Cobb County, Georgia (within the Northern District of Georgia). Upon information and belief, Plaintiff Rolland was employed by Defendant to work as a service tech from Defendant's Macon Location from on or about February 8, 2010 thru on or about January 7, 2015.

11. At all times material to this action, Plaintiffs were "employees" of Defendant defined by § 203(e) (1) of the FLSA, and worked for Defendant within the territory of the United States.

12. These same individuals are further covered by §§ 203, and 207 of the FLSA for the period in which they were employed by Defendants and were engaged in commerce or in the production of goods for commerce.

13. Defendant Direct South is a corporation formed under the laws of the State of Georgia and amongst other things operates a foodservice equipment and supply operation to the southeastern United States from its Macon Location as well as from its locations in Warner Robbins and Gainesville, Georgia.

14. Defendant conducts business within this State and District.

15. Defendant maintained either actual or constructive control, oversight and direction of Defendant's Macon Location, including the employment and pay and other practices of that operation.

16. Defendant Direct South is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Nick Adams, at 3115 Hillcrest Ave Macon, Georgia 31204.

17. At all times material to this action, Defendant Direct South was an enterprise engaged in commerce or in the production of goods for commerce as

defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

18. At all times material to this action, Defendant Direct South was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

19. The minimum hourly wage provisions set forth in § 206 of the FLSA apply to Defendant.

20. The overtime provisions set forth in § 207 of the FLSA apply to Defendant.

## FACTUAL ALLEGATIONS

21. At all times relevant to this action, Plaintiffs' primary duty was to install and service equipment at Defendant's customers' locations.

22. At all times relevant to this action, Plaintiffs' primary duty was not the management of the enterprise in which they were employed, nor of a customarily recognized department or subdivision thereof.

23. At all times relevant to this action, Plaintiffs did not possess the authority to hire or fire other employees.

24. At all times relevant to this action, Plaintiffs did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities they performed.

25. At all times relevant to this action, Plaintiffs were non-exempt employees for purposes of overtime compensation.

26. At all times relevant to this action, Plaintiffs were at times required to work in excess of forty (40) hours a week.

27. At all times relevant to this action, Defendants did not compensate Plaintiffs for <u>all</u> time worked in excess of forty (40) hours per week at a rate at which Plaintiffs were legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

28. The records, if any, concerning the number of hours actually worked by Plaintiffs, and the compensation actually paid to Plaintiffs should be in the possession of Defendant Direct South.

29. Defendant failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. § 207 or § 213 with respect to Plaintiffs.

30. Defendant failed to meet the requirements for paying Plaintiffs at a rate at which Plaintiffs were legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

31. Defendant is liable to Plaintiffs for compensation for any and <u>all</u> time worked in excess of 40 hours per week at the rate at which Plaintiffs were legally

required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

32. By reason of the said intentional, willful, reckless, without good faith, and unlawful acts of Defendant, Plaintiffs have suffered damages plus incurring costs and reasonable attorneys' fees.

33. As a result of Defendant's willful violations of the FLSA, Plaintiffs are entitled to liquidated damages.

34. Plaintiffs have retained the undersigned counsel to represent them in this action, and pursuant 29 U.S.C. §216(b), and O.C.G.A. 13-6-11, Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

35. Plaintiff demands a jury trial.

## COUNT I

36. Plaintiffs repeat and incorporate by reference paragraphs 1-35 herein.

37. By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

38. Defendant has willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay Plaintiffs' overtime compensation in an

amount at a rate not less than one and one-half times the regular rate at which they were employed.

39. As a result of Defendant's violations of the FLSA, Plaintiffs, have suffered damages by failing to receive an overtime rate not less than one and one-half times the regular rate at which they were employed.

40. Defendant has not made a good faith effort to comply with the FLSA with respect to its overtime compensation of Plaintiffs.

41. As a result of the unlawful acts of Defendant, Plaintiffs have been deprived of overtime compensation equal to not less than one and one-half times the regular rate at which they were employed in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, pursuant to § 216(b) of the FLSA, pray for the following relief:

A. That Plaintiffs be awarded damages in the amount of their unpaid compensation, plus an equal amount of liquidated damages;

B. That Plaintiffs be awarded reasonable attorneys' fees;

C. That Plaintiffs be awarded the costs and expenses of this action; and

D. That Plaintiffs be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

Respectfully submitted this 21st day of March, 2015.

                    MARTIN & MARTIN, LLP

                    By: /s/ Thomas F. Martin
                    Thomas F. Martin
                    tfmartinlaw@msn.com
                    Georgia Bar No. 482595

                    Kimberly N. Martin
                    kimberlymartinlaw@gmail.com
                    Georgia Bar No. 473410
                    MARTIN & MARTIN, LLP
                    Post Office Box 1070
                    Tucker, Georgia 30085-1070
                    (770) 344-7267 / (770) 837–2678 Fax