IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOSEPH WARD and JOHN ROLLAND, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-103(MTT) |
| | ) |
| DIRECT SOUTH, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

The Plaintiffs filed this action to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Doc. 1). The Defendant filed an answer, denying that it has violated the FLSA, as well as a counterclaim against Plaintiff Ward for fraud and misrepresentation. (Doc. 5). The parties engaged in discovery and have now moved this Court to approve a settlement agreement and dismiss this action with prejudice. (Doc. 15). In *Lynn's Food Stores, Inc. v. United States*, the Eleventh Circuit explained:

> Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.

679 F.2d 1350, 1355 (11th Cir. 1982); *see also Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307-08 (11th Cir. 2013). In addition to scrutinizing the parties' proposed settlement for fairness, the FLSA "requires judicial review of the reasonableness of counsel's legal

fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

The parties did not file the settlement agreement but chose instead to describe its terms in their motion. In exchange for a dismissal of this action with prejudice and the "full and complete release" of the Plaintiffs' claims against the Defendant and the Defendant's claim against Plaintiff Ward, the Defendant will pay the Plaintiffs as follows:

(a) $1,299.90 (less withholdings) to Plaintiff Ward as back wages (figure reflects $2,161.50 offset for Counterclaim);

(b) $3,461.40 to Plaintiff Ward as liquidated damages;

(c) $8,086.40 (less withholdings) to Plaintiff Rolland as back wages;

(d) $8,086.40 to Plaintiff Rolland as liquidated damages;

(e) $23,676.00 to the Plaintiffs' attorneys, Martin & Martin, LLP for attorney's fees and costs.

(Doc. 15 at 2-3). The parties also describe their respective positions: (1) the Defendant contends that, during the time periods at issue, the Plaintiffs were not covered by the overtime provisions of the FLSA; (2) the Plaintiffs and the Defendant dispute whether the conduct of the Defendant was willful so as to extend the statute of limitations period; and (3) Plaintiff Roland and the Defendant dispute whether some of the alleged overtime was non-compensable as commuting time. (Doc. 15 at 2).

The Court requested the settlement agreement from the parties and has reviewed its terms. First, the parties are **ORDERED** to either file the settlement agreement or explain why the presumption of public access to FLSA settlement

agreements is overcome in this case.  *See, e.g.*, *Nichols v. Dollar Tree Stores, Inc.*, 2013 WL 5933991, at *1 (M.D. Ga.).  Second, the settlement agreement contains many provisions which resemble those that have been disapproved of by courts in this Circuit; specifically, paragraphs 6, 11, and 12 and the "pervasive" release found in paragraphs 1, 2, and 8.  *See id.*; *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).  The parties are **ORDERED** to explain why paragraphs 6, 11, and 12 should not be struck and why the proposed release does not preclude a finding that the settlement agreement is fair.  Finally, the Court does not have the information necessary to determine whether the settlement agreement is a fair and reasonable resolution of a bona fide dispute and whether the attorney's fees are reasonable.  *See Rakip v. Paradise Awnings Corp.*, 514 F. App'x 917, 919-20 (11th Cir. 2013) ("[T]he district court must take an active role in approving the settlement agreement to ensure that it is not the result of the employer using its superior bargaining position to take advantage of the employee."); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241-42 (M.D. Fla. 2010).  Therefore, the parties are **ORDERED** to supplement their motion with this information.

    If the parties think a telephone conference or hearing is necessary, please contact Teri Hatcher, Courtroom Deputy.

    **SO ORDERED**, this 18th day of December, 2015.

                                          S/ Marc T. Treadwell
                                          MARC T. TREADWELL, JUDGE
                                          UNITED STATES DISTRICT COURT