# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE is hereby made by and among Plaintiff JOSEPH WARD (hereinafter referred to as "PLAINTIFF WARD"); Plaintiff JOHN ROLLAND (hereinafter referred to as "PLAINTIFF ROLLAND"); and Defendant DIRECT SOUTH, INC., its owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns (hereinafter referred to as "DEFENDANT").

WHEREAS, on March 21, 2015, PLAINTIFF WARD and PLAINTIFF ROLLAND (collectively referred as "PLAINTIFFS") filed a Complaint in the United States District Court for the Middle District of Georgia, Macon Division, styled "JOSEPH WARD, AND JOHN ROLLAND v. DIRECT SOUTH, INC. a Georgia CORPORATION," Case No. 5:15-cv-00103-MTT, alleging claims arising under the Fair Labor Standards Act; and,

WHEREAS, on April 28, 2015, DEFENDANT filed its Answer, along with a Counterclaim against PLAINTIFF WARD, alleging fraud and misrepresentation on the part of PLAINTIFF WARD; and

WHEREAS, DEFENDANT denies any and all liability whatsoever to PLAINTIFFS and makes no concession as to the validity of the claims asserted in the Complaint; and,

WHEREAS, PLAINTIFF WARD denies any and all liability whatsoever to DEFENDANT and makes no concession as to the validity of the claims asserted in the Counterclaim; and,

WHEREAS, no additional parties have sought to join this action; and,

WHEREAS, PLAINTIFFS and DEFENDANT desire to resolve fully and finally any and all claims and/or disputes arising from or relating to the Complaint and the Counterclaim, in an amicable manner without the uncertainties and expenses involved in further litigation; and,

WHEREAS, PLAINTIFFS and DEFENDANT, with assistance of counsel, have reached a compromise resolution intended to finally resolve their dispute; and,

WHEREAS PLAINTIFFS and DEFENDANT desire that said resolution be reduced to writing and set forth herein;

NOW, THEREFORE, in consideration of the premises and promises contained herein, and in an effort to buy peace, resolve disputed claims and to finally resolve all issues between PLAINTIFFS and DEFENDANT, the parties agree as follows:

1. In consideration of the payment by DEFENDANT of Forty-Four Thousand Six Hundred Ten and 10/100 Dollars ($44,610.10), payable as follows:

Joseph Ward _JW_
John Rolland ____
Direct South ____

a.  To PLAINTIFF WARD, in the amount of One Thousand Two Hundred Ninety-Nine and 90/100 Dollars ($1,299.90), less all required federal and state withholdings, in lieu of PLAINTIFF WARD'S claims for unpaid overtime wages (IRS Form W-2 to be issued to PLAINTIFF WARD in connection with said payment);

b.  To PLAINTIFF WARD, in the amount of Three Thousand Four Hundred Sixty-One and 40/100 Dollars ($3,461.40), in lieu of any and all other forms of damages and other monetary and non-monetary relief, including, but not limited to, liquidated damages, re-instatement, other past and future pecuniary losses, compensatory and punitive damages, and pre- and post-judgment interest (IRS Form 1099 to be issued to PLAINTIFF WARD following receipt by DEFENDANT of IRS Form W-9 representing that PLAINTIFF WARD is not subject to back-up withholding); and

c.  To PLAINTIFF ROLLAND, in the amount of Eight Thousand Eighty-Six and 40/100 Dollars ($8,086.40), less all required federal and state withholdings, in lieu of PLAINTIFF ROLLAND'S claims for unpaid overtime wages (IRS Form W-2 to be issued to PLAINTIFF ROLLAND in connection with said payment);

d.  To PLAINTIFF ROLLAND, in the amount of Eight Thousand Eighty-Six and 40/100 Dollars ($8,086.40), in lieu of any and all other forms of damages and other monetary and non-monetary relief, including, but not limited to, liquidated damages, re-instatement, other past and future pecuniary losses, compensatory and punitive damages, and pre- and post-judgment interest (IRS Form 1099 to be issued to PLAINTIFF ROLLAND following receipt by DEFENDANT of IRS Form W-9 representing that PLAINTIFF ROLLAND is not subject to back-up withholding); and

e.  To PLAINTIFFS' attorneys, MARTIN & MARTIN, LLP, in the amount of Twenty-Three Thousand Six Hundred Seventy-Six and 00/100 Dollars ($23,676.00), for attorney fees, costs, and other expenses of litigation (IRS Form 1099 to be issued to PLAINTIFFS' attorneys following receipt by DEFENDANT of IRS Form W-9 representing that PLAINTIFFS' attorneys are not subject to backup withholding);

which PLAINTIFF WARD and PLAINTIFF ROLLAND acknowledge to represent a full and complete settlement, PLAINTIFF WARD and PLAINTIFF ROLLAND do hereby fully and forever surrender, release, acquit and discharge DEFENDANT and its current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and any related entities, subsidiaries, divisions, and their respective current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and every other individual and entity that was, or could have been, named in the Complaint or an amendment to the Complaint, of and from any and all claims, charges, actions, causes of action, demands,

Joseph Ward    JW
John Rolland   ____
Direct South   ____

rights, damages, debts, contracts, claims for costs or attorneys' fees, expenses, or compensation, with regard to PLAINTIFFS' claims under the overtime provisions of the Fair Labor Standards Act, arising on or before the effective date of this Settlement Agreement and Release, including without limitation, those claims arising out of, under, or by reason of any and all claims under the Fair Labor Standards Act which were or could have been asserted in the Complaint. This release of rights is knowing and voluntary. PLAINTIFF WARD and PLAINTIFF ROLLAND also covenant and agree that this Agreement will not be final until the Court approves the dismissal of the case following its review of the basic terms of this Settlement Agreement and Release pursuant to the REVISED JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND JOINT STIPULATION FOR VOLUNTARY DISMISSAL OF CLAIMS WITH PREJUDICE, attached hereto as Exhibit A.

2. PLAINTIFF WARD and PLAINTIFF ROLLAND further agree, promise and covenant that neither they nor any person, organization or any other entity acting on their behalf will file, charge, claim, sue or cause or permit to be filed, charged, claimed, or sued, any action for damages or other relief (including injunctive, equitable, declaratory, monetary relief or other) against DEFENDANT and its current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and any related entities, subsidiaries, divisions, and their respective current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and every other individual and entity that was, or could have been, named in the Complaint or an amendment to the Complaint, involving any matter covered by the Fair Labor Standards Act occurring in the past up to the date of this Settlement Agreement and Release, or involving any continuing effects of actions or practices which arose under the Fair Labor Standards Act prior to the date of this Settlement Agreement and Release. PLAINTIFF WARD and PLAINTIFF ROLLAND acknowledge and agree that this Settlement Agreement and Release shall serve as a complete defense to any such action filed in violation of the provisions of this paragraph.

3. DEFENDANT agrees to dismiss the Counterclaim against PLAINTIFF WARD as part of the JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND JOINT STIPULATION FOR VOLUNTARY DISMISSAL OF CLAIMS WITH PREJUDICE, attached hereto as Exhibit A. DEFENDANT further agrees, promises and covenants that neither it nor any person, organization or any other entity acting on its behalf will file, charge, claim, sue or cause or permit to be filed, charged, claimed, or sued, any action for damages or other relief (including injunctive, equitable, declaratory, monetary relief or other) against PLAINTIFF WARD involving any matter occurring in the past up to the date of this Settlement Agreement and Release, or involving any continuing effects of actions or practices which arose prior to the date of this Settlement Agreement and Release, or involving and based upon any the Counterclaim or any other claims, demands, causes of action, obligations, damages or liabilities which are the subject of this Settlement Agreement and Release. DEFENDANT acknowledges

Joseph Ward   *JW* (signed)
John Rolland   ____
Direct South   ____

and agrees that this Settlement Agreement and Release shall serve as a complete defense to any such action filed in violation of the provisions of this paragraph.

4. PLAINTIFF WARD and PLAINTIFF ROLLAND represent and warrant that they have not assigned or sold, or in any way disposed of their claims hereby released, or any part thereof, to anyone and that they will save and hold DEFENDANT harmless of and from any claims, actions, causes of action, demands, rights, damages, costs and expenses, including reasonable attorneys' fees, arising from a complete or partial assignment of the claims hereby released.

5. PLAINTIFF WARD and PLAINTIFF ROLLAND covenant and agree to indemnify and hold DEFENDANT harmless for any additional sums, including, but not limited to, liabilities, costs, and expenses, including reasonable attorneys' fees, as the result of any claim(s) for attorneys' fees which may at any time be asserted against DEFENDANT by PLAINTIFFS' counsel, or another party, on account of or in connection with the claims asserted in the Complaint. DEFENDANT has the sole and exclusive right to select counsel to defend any such claim(s).

6. PLAINTIFF WARD and PLAINTIFF ROLLAND acknowledge that they are relying on no representations or warranties by DEFENDANT that the payments made pursuant to this agreement or any portion thereof are properly excludable from taxable income. Rather, PLAINTIFF WARD and PLAINTIFF ROLLAND have been advised to seek advice from professional advisors of their choosing regarding tax treatment of this settlement. PLAINTIFF WARD and PLAINTIFF ROLLAND further covenant and agree to hold DEFENDANT harmless for any additional sums, including, but not limited to, costs and expenses, including reasonable attorney's fees, liabilities, interest, and penalties incurred by PLAINTIFF WARD and/or PLAINTIFF ROLLAND as a result of the tax treatment which each PLAINTIFF accords to the payments made to him pursuant to this Settlement Agreement and Release or as the result of any of said payments being made without being subjected to withholdings.

7. In connection with the waivers in Paragraph 1 of any and all claims that PLAINTIFF WARD and PLAINTIFF ROLLAND have or may have on the date hereof, PLAINTIFF WARD and PLAINTIFF ROLLAND make the following acknowledgments:

   (a) By signing this Settlement Agreement and Release, each PLAINTIFF waives all claims against DEFENDANT and its current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and any related entities, subsidiaries, divisions, and their respective current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, for alleged violations of any legal duty owed to said PLAINTIFF under the Fair Labor Standards Act.

Joseph Ward    *JW*
John Rolland   ____
Direct South   ____

(b) In consideration of the waivers made by PLAINTIFF WARD and PLAINTIFF ROLLAND under this Settlement Agreement and Release, PLAINTIFFS and their counsel will be receiving the settlement payments described in Paragraph 1 of this Settlement Agreement and Release.

(c) PLAINTIFF WARD and PLAINTIFF ROLLAND have consulted with their attorney prior to executing this Settlement Agreement and Release and have been advised by their attorney in accordance with the Certificate of Counsel that is attached hereto as Exhibit B and by this reference made a part hereof.

8. PLAINTIFFS and DEFENDANT understand and agree that this Settlement Agreement and Release is the compromise of disputed claims, and that the settlement is not to be construed as an admission of liability on the part of DEFENDANT and that DEFENDANT denies liability therefor and enters into said settlement merely to avoid further costs and litigation. It is further understood that neither PLAINTIFF is in any legal sense a "prevailing party" in connection with the Complaint.

9. PLAINTIFFS and DEFENDANT covenant and agree that there are no collateral or outside agreements, promises or undertakings on the part of PLAINTIFFS or DEFENDANT other than those herein expressly stated and specifically and clearly agreed.

10. This Settlement Agreement and Release shall be binding upon PLAINTIFF WARD and PLAINTIFF ROLLAND and their heirs, administrators, executors, successors and assigns, and shall inure to the benefit of DEFENDANT and its current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and any related entities, subsidiaries, divisions, and their respective current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities.

11. This Settlement Agreement and Release is made and entered into in the State of Georgia, and shall in all respects be interpreted, enforced and governed under the laws of said State.

12. Should any provision of this Settlement Agreement and Release be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Settlement Agreement and Release.

13. As used in this Settlement Agreement and Release, the singular or plural number shall be deemed to include the other whenever the context so indicates or requires.

Joseph Ward  JW
John Rolland  ____
Direct South  ____

14. This Settlement Agreement and Release sets forth the entire agreement between the parties hereto, and fully supersedes any and all prior agreements or understandings between the parties hereto pertaining to the subject matter hereof. This Settlement Agreement and Release may not be modified except in writing signed by all parties.

15. This Settlement Agreement and Release may be executed in multiple counterparts, each of which will be deemed an original, but which together will be deemed one instrument.

READ THIS AGREEMENT CAREFULLY BEFORE SIGNING.
IT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.

FOR PLAINTIFF WARD:                                FOR DEFENDANT:

_Joseph M Ward_  1/29/16                           _____
JOSEPH WARD         Date                           DIRECT SOUTH, INC.         Date
                                                   By: _____


_____                     _____
Thomas F. Martin                                   Frank L. Butler, III
MARTIN & MARTIN, LLP                               CONSTANGY, BROOKS, SMITH &
Attorney for Plaintiff Ward                        PROPHETE, LLP
                                                   Attorneys for Defendant


FOR PLAINTIFF ROLLAND:


_____
JOHN ROLLAND         Date


_____
Thomas F. Martin
MARTIN & MARTIN, LLP
Attorney for Plaintiff Rolland

Joseph Ward      JW
John Rolland     ____
Direct South     ____

# SETTLEMENT AGREEMENT AND RELEASE

This **SETTLEMENT AGREEMENT AND RELEASE** is hereby made by and among Plaintiff JOSEPH WARD (hereinafter referred to as "PLAINTIFF WARD"); Plaintiff JOHN ROLLAND (hereinafter referred to as "PLAINTIFF ROLLAND"); and Defendant DIRECT SOUTH, INC., its owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns (hereinafter referred to as "DEFENDANT").

**WHEREAS**, on March 21, 2015, PLAINTIFF WARD and PLAINTIFF ROLLAND (collectively referred as "PLAINTIFFS") filed a Complaint in the United States District Court for the Middle District of Georgia, Macon Division, styled "JOSEPH WARD, AND JOHN ROLLAND v. DIRECT SOUTH, INC. a Georgia CORPORATION," Case No. 5:15-cv-00103-MTT, alleging claims arising under the Fair Labor Standards Act; and,

**WHEREAS**, on April 28, 2015, DEFENDANT filed its Answer, along with a Counterclaim against PLAINTIFF WARD, alleging fraud and misrepresentation on the part of PLAINTIFF WARD; and

**WHEREAS**, DEFENDANT denies any and all liability whatsoever to PLAINTIFFS and makes no concession as to the validity of the claims asserted in the Complaint; and,

**WHEREAS**, PLAINTIFF WARD denies any and all liability whatsoever to DEFENDANT and makes no concession as to the validity of the claims asserted in the Counterclaim; and,

**WHEREAS,** no additional parties have sought to join this action; and,

**WHEREAS**, PLAINTIFFS and DEFENDANT desire to resolve fully and finally any and all claims and/or disputes arising from or relating to the Complaint and the Counterclaim, in an amicable manner without the uncertainties and expenses involved in further litigation; and,

**WHEREAS**, PLAINTIFFS and DEFENDANT, with assistance of counsel, have reached a compromise resolution intended to finally resolve their dispute; and,

**WHEREAS** PLAINTIFFS and DEFENDANT desire that said resolution be reduced to writing and set forth herein;

**NOW, THEREFORE,** in consideration of the premises and promises contained herein, and in an effort to buy peace, resolve disputed claims and to finally resolve all issues between PLAINTIFFS and DEFENDANT, the parties agree as follows:

1. In consideration of the payment by DEFENDANT of Forty-Four Thousand Six Hundred Ten and 10/100 Dollars ($44,610.10), payable as follows:

Joseph Ward
John Rolland
Direct South 

Page 1 of 6

a. To PLAINTIFF WARD, in the amount of One Thousand Two Hundred Ninety-Nine and 90/100 Dollars ($1,299.90), less all required federal and state withholdings, in lieu of PLAINTIFF WARD'S claims for unpaid overtime wages (IRS Form W-2 to be issued to PLAINTIFF WARD in connection with said payment);

b. To PLAINTIFF WARD, in the amount of Three Thousand Four Hundred Sixty-One and 40/100 Dollars ($3,461.40), in lieu of any and all other forms of damages and other monetary and non-monetary relief, including, but not limited to, liquidated damages, re-instatement, other past and future pecuniary losses, compensatory and punitive damages, and pre- and post-judgment interest (IRS Form 1099 to be issued to PLAINTIFF WARD following receipt by DEFENDANT of IRS Form W-9 representing that PLAINTIFF WARD is not subject to back-up withholding); and

c. To PLAINTIFF ROLLAND, in the amount of Eight Thousand Eighty-Six and 40/100 Dollars ($8,086.40), less all required federal and state withholdings, in lieu of PLAINTIFF ROLLAND'S claims for unpaid overtime wages (IRS Form W-2 to be issued to PLAINTIFF ROLLAND in connection with said payment);

d. To PLAINTIFF ROLLAND, in the amount of Eight Thousand Eighty-Six and 40/100 Dollars ($8,086.40), in lieu of any and all other forms of damages and other monetary and non-monetary relief, including, but not limited to, liquidated damages, re-instatement, other past and future pecuniary losses, compensatory and punitive damages, and pre- and post-judgment interest (IRS Form 1099 to be issued to PLAINTIFF ROLLAND following receipt by DEFENDANT of IRS Form W-9 representing that PLAINTIFF ROLLAND is not subject to back-up withholding); and

e. To PLAINTIFFS' attorneys, MARTIN & MARTIN, LLP, in the amount of Twenty-Three Thousand Six Hundred Seventy-Six and 00/100 Dollars ($23,676.00), for attorney fees, costs, and other expenses of litigation (IRS Form 1099 to be issued to PLAINTIFFS' attorneys following receipt by DEFENDANT of IRS Form W-9 representing that PLAINTIFFS' attorneys are not subject to backup withholding);

which PLAINTIFF WARD and PLAINTIFF ROLLAND acknowledge to represent a full and complete settlement, PLAINTIFF WARD and PLAINTIFF ROLLAND do hereby fully and forever surrender, release, acquit and discharge DEFENDANT and its current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and any related entities, subsidiaries, divisions, and their respective current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and every other individual and entity that was, or could have been, named in the Complaint or an amendment to the Complaint, of and from any and all claims, charges, actions, causes of action, demands,

Joseph Ward
John Rolland
Direct South 

rights, damages, debts, contracts, claims for costs or attorneys' fees, expenses, or compensation, with regard to PLAINTIFFS' claims under the overtime provisions of the Fair Labor Standards Act, arising on or before the effective date of this Settlement Agreement and Release, including without limitation, those claims arising out of, under, or by reason of any and all claims under the Fair Labor Standards Act which were or could have been asserted in the Complaint. This release of rights is knowing and voluntary. PLAINTIFF WARD and PLAINTIFF ROLLAND also covenant and agree that this Agreement will not be final until the Court approves the dismissal of the case following its review of the basic terms of this Settlement Agreement and Release pursuant to the REVISED JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND JOINT STIPULATION FOR VOLUNTARY DISMISSAL OF CLAIMS WITH PREJUDICE, attached hereto as Exhibit A.

2.   PLAINTIFF WARD and PLAINTIFF ROLLAND further agree, promise and covenant that neither they nor any person, organization or any other entity acting on their behalf will file, charge, claim, sue or cause or permit to be filed, charged, claimed, or sued, any action for damages or other relief (including injunctive, equitable, declaratory, monetary relief or other) against DEFENDANT and its current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and any related entities, subsidiaries, divisions, and their respective current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and every other individual and entity that was, or could have been, named in the Complaint or an amendment to the Complaint, involving any matter covered by the Fair Labor Standards Act occurring in the past up to the date of this Settlement Agreement and Release, or involving any continuing effects of actions or practices which arose under the Fair Labor Standards Act prior to the date of this Settlement Agreement and Release. PLAINTIFF WARD and PLAINTIFF ROLLAND acknowledge and agree that this Settlement Agreement and Release shall serve as a complete defense to any such action filed in violation of the provisions of this paragraph.

3.   DEFENDANT agrees to dismiss the Counterclaim against PLAINTIFF WARD as part of the JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND JOINT STIPULATION FOR VOLUNTARY DISMISSAL OF CLAIMS WITH PREJUDICE, attached hereto as Exhibit A. DEFENDANT further agrees, promises and covenants that neither it nor any person, organization or any other entity acting on its behalf will file, charge, claim, sue or cause or permit to be filed, charged, claimed, or sued, any action for damages or other relief (including injunctive, equitable, declaratory, monetary relief or other) against PLAINTIFF WARD involving any matter occurring in the past up to the date of this Settlement Agreement and Release, or involving any continuing effects of actions or practices which arose prior to the date of this Settlement Agreement and Release, or involving and based upon any the Counterclaim or any other claims, demands, causes of action, obligations, damages or liabilities which are the subject of this Settlement Agreement and Release. DEFENDANT acknowledges

Joseph Ward
John Rolland
Direct South 

and agrees that this Settlement Agreement and Release shall serve as a complete defense to any such action filed in violation of the provisions of this paragraph.

4. PLAINTIFF WARD and PLAINTIFF ROLLAND represent and warrant that they have not assigned or sold, or in any way disposed of their claims hereby released, or any part thereof, to anyone and that they will save and hold DEFENDANT harmless of and from any claims, actions, causes of action, demands, rights, damages, costs and expenses, including reasonable attorneys' fees, arising from a complete or partial assignment of the claims hereby released.

5. PLAINTIFF WARD and PLAINTIFF ROLLAND covenant and agree to indemnify and hold DEFENDANT harmless for any additional sums, including, but not limited to, liabilities, costs, and expenses, including reasonable attorneys' fees, as the result of any claim(s) for attorneys' fees which may at any time be asserted against DEFENDANT by PLAINTIFFS' counsel, or another party, on account of or in connection with the claims asserted in the Complaint. DEFENDANT has the sole and exclusive right to select counsel to defend any such claim(s).

6. PLAINTIFF WARD and PLAINTIFF ROLLAND acknowledge that they are relying on no representations or warranties by DEFENDANT that the payments made pursuant to this agreement or any portion thereof are properly excludable from taxable income. Rather, PLAINTIFF WARD and PLAINTIFF ROLLAND have been advised to seek advice from professional advisors of their choosing regarding tax treatment of this settlement. PLAINTIFF WARD and PLAINTIFF ROLLAND further covenant and agree to hold DEFENDANT harmless for any additional sums, including, but not limited to, costs and expenses, including reasonable attorney's fees, liabilities, interest, and penalties incurred by PLAINTIFF WARD and/or PLAINTIFF ROLLAND as a result of the tax treatment which each PLAINTIFF accords to the payments made to him pursuant to this Settlement Agreement and Release or as the result of any of said payments being made without being subjected to withholdings.

7. In connection with the waivers in Paragraph 1 of any and all claims that PLAINTIFF WARD and PLAINTIFF ROLLAND have or may have on the date hereof, PLAINTIFF WARD and PLAINTIFF ROLLAND make the following acknowledgments:

(a) By signing this Settlement Agreement and Release, each PLAINTIFF waives all claims against DEFENDANT and its current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and any related entities, subsidiaries, divisions, and their respective current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, for alleged violations of any legal duty owed to said PLAINTIFF under the Fair Labor Standards Act.

Joseph Ward
John Rolland
Direct South

Page 4 of 6

(b) In consideration of the waivers made by PLAINTIFF WARD and PLAINTIFF ROLLAND under this Settlement Agreement and Release, PLAINTIFFS and their counsel will be receiving the settlement payments described in Paragraph 1 of this Settlement Agreement and Release.

(c) PLAINTIFF WARD and PLAINTIFF ROLLAND have consulted with their attorney prior to executing this Settlement Agreement and Release and have been advised by their attorney in accordance with the Certificate of Counsel that is attached hereto as Exhibit B and by this reference made a part hereof.

8. PLAINTIFFS and DEFENDANT understand and agree that this Settlement Agreement and Release is the compromise of disputed claims, and that the settlement is not to be construed as an admission of liability on the part of DEFENDANT and that DEFENDANT denies liability therefor and enters into said settlement merely to avoid further costs and litigation. It is further understood that neither PLAINTIFF is in any legal sense a "prevailing party" in connection with the Complaint.

9. PLAINTIFFS and DEFENDANT covenant and agree that there are no collateral or outside agreements, promises or undertakings on the part of PLAINTIFFS or DEFENDANT other than those herein expressly stated and specifically and clearly agreed.

10. This Settlement Agreement and Release shall be binding upon PLAINTIFF WARD and PLAINTIFF ROLLAND and their heirs, administrators, executors, successors and assigns, and shall inure to the benefit of DEFENDANT and its current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and any related entities, subsidiaries, divisions, and their respective current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities.

11. This Settlement Agreement and Release is made and entered into in the State of Georgia, and shall in all respects be interpreted, enforced and governed under the laws of said State.

12. Should any provision of this Settlement Agreement and Release be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Settlement Agreement and Release.

13. As used in this Settlement Agreement and Release, the singular or plural number shall be deemed to include the other whenever the context so indicates or requires.

Joseph Ward
John Rolland
Direct South 

Page 5 of 6

14. This Settlement Agreement and Release sets forth the entire agreement between the parties hereto, and fully supersedes any and all prior agreements or understandings between the parties hereto pertaining to the subject matter hereof. This Settlement Agreement and Release may not be modified except in writing signed by all parties.

15. This Settlement Agreement and Release may be executed in multiple counterparts, each of which will be deemed an original, but which together will be deemed one instrument.

**READ THIS AGREEMENT CAREFULLY BEFORE SIGNING.
IT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

**FOR PLAINTIFF WARD:**                    **FOR DEFENDANT:**

_____            _____
JOSEPH WARD            Date                DIRECT SOUTH, INC.        Date
                                           By: _____


_____            _____
Thomas F. Martin                           Frank L. Butler, III
MARTIN & MARTIN, LLP                       CONSTANGY, BROOKS, SMITH &
Attorney for Plaintiff Ward                PROPHETE, LLP
                                           Attorneys for Defendant


**FOR PLAINTIFF ROLLAND:**

_____/s/ John Rolland_____ 12/30/15
JOHN ROLLAND          Date

_____/s/ Thomas F. Martin_____ 1/11/15
Thomas F. Martin
MARTIN & MARTIN, LLP
Attorney for Plaintiff Rolland


Joseph Ward
John Rolland
Direct South

# SETTLEMENT AGREEMENT AND RELEASE

This **SETTLEMENT AGREEMENT AND RELEASE** is hereby made by and among Plaintiff JOSEPH WARD (hereinafter referred to as "PLAINTIFF WARD"); Plaintiff JOHN ROLLAND (hereinafter referred to as "PLAINTIFF ROLLAND"); and Defendant DIRECT SOUTH, INC., its owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns (hereinafter referred to as "DEFENDANT").

**WHEREAS**, on March 21, 2015, PLAINTIFF WARD and PLAINTIFF ROLLAND (collectively referred as "PLAINTIFFS") filed a Complaint in the United States District Court for the Middle District of Georgia, Macon Division, styled "JOSEPH WARD, AND JOHN ROLLAND v. DIRECT SOUTH, INC. a Georgia CORPORATION," Case No. 5:15-cv-00103-MTT, alleging claims arising under the Fair Labor Standards Act; and,

**WHEREAS**, on April 28, 2015, DEFENDANT filed its Answer, along with a Counterclaim against PLAINTIFF WARD, alleging fraud and misrepresentation on the part of PLAINTIFF WARD; and

**WHEREAS**, DEFENDANT denies any and all liability whatsoever to PLAINTIFFS and makes no concession as to the validity of the claims asserted in the Complaint; and,

**WHEREAS**, PLAINTIFF WARD denies any and all liability whatsoever to DEFENDANT and makes no concession as to the validity of the claims asserted in the Counterclaim; and,

**WHEREAS**, no additional parties have sought to join this action; and,

**WHEREAS**, PLAINTIFFS and DEFENDANT desire to resolve fully and finally any and all claims and/or disputes arising from or relating to the Complaint and the Counterclaim, in an amicable manner without the uncertainties and expenses involved in further litigation; and,

**WHEREAS,** PLAINTIFFS and DEFENDANT, with assistance of counsel, have reached a compromise resolution intended to finally resolve their dispute; and,

**WHEREAS** PLAINTIFFS and DEFENDANT desire that said resolution be reduced to writing and set forth herein;

**NOW, THEREFORE,** in consideration of the premises and promises contained herein, and in an effort to buy peace, resolve disputed claims and to finally resolve all issues between PLAINTIFFS and DEFENDANT, the parties agree as follows:

1.  In consideration of the payment by DEFENDANT of Forty-Four Thousand Six Hundred Ten and 10/100 Dollars ($44,610.10), payable as follows:

Joseph Ward  ___
John Rolland
Direct South  

Page 1 of 6

a. To PLAINTIFF WARD, in the amount of One Thousand Two Hundred Ninety-Nine and 90/100 Dollars ($1,299.90), less all required federal and state withholdings, in lieu of PLAINTIFF WARD'S claims for unpaid overtime wages (IRS Form W-2 to be issued to PLAINTIFF WARD in connection with said payment);

b. To PLAINTIFF WARD, in the amount of Three Thousand Four Hundred Sixty-One and 40/100 Dollars ($3,461.40), in lieu of any and all other forms of damages and other monetary and non-monetary relief, including, but not limited to, liquidated damages, re-instatement, other past and future pecuniary losses, compensatory and punitive damages, and pre- and post-judgment interest (IRS Form 1099 to be issued to PLAINTIFF WARD following receipt by DEFENDANT of IRS Form W-9 representing that PLAINTIFF WARD is not subject to back-up withholding); and

c. To PLAINTIFF ROLLAND, in the amount of Eight Thousand Eighty-Six and 40/100 Dollars ($8,086.40), less all required federal and state withholdings, in lieu of PLAINTIFF ROLLAND'S claims for unpaid overtime wages (IRS Form W-2 to be issued to PLAINTIFF ROLLAND in connection with said payment);

d. To PLAINTIFF ROLLAND, in the amount of Eight Thousand Eighty-Six and 40/100 Dollars ($8,086.40), in lieu of any and all other forms of damages and other monetary and non-monetary relief, including, but not limited to, liquidated damages, re-instatement, other past and future pecuniary losses, compensatory and punitive damages, and pre- and post-judgment interest (IRS Form 1099 to be issued to PLAINTIFF ROLLAND following receipt by DEFENDANT of IRS Form W-9 representing that PLAINTIFF ROLLAND is not subject to back-up withholding); and

e. To PLAINTIFFS' attorneys, MARTIN & MARTIN, LLP, in the amount of Twenty-Three Thousand Six Hundred Seventy-Six and 00/100 Dollars ($23,676.00), for attorney fees, costs, and other expenses of litigation (IRS Form 1099 to be issued to PLAINTIFFS' attorneys following receipt by DEFENDANT of IRS Form W-9 representing that PLAINTIFFS' attorneys are not subject to backup withholding);

which PLAINTIFF WARD and PLAINTIFF ROLLAND acknowledge to represent a full and complete settlement, PLAINTIFF WARD and PLAINTIFF ROLLAND do hereby fully and forever surrender, release, acquit and discharge DEFENDANT and its current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and any related entities, subsidiaries, divisions, and their respective current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and every other individual and entity that was, or could have been, named in the Complaint or an amendment to the Complaint, of and from any and all claims, charges, actions, causes of action, demands,

Joseph Ward
John Rolland
Direct South   

rights, damages, debts, contracts, claims for costs or attorneys' fees, expenses, or compensation, with regard to PLAINTIFFS' claims under the overtime provisions of the Fair Labor Standards Act, arising on or before the effective date of this Settlement Agreement and Release, including without limitation, those claims arising out of, under, or by reason of any and all claims under the Fair Labor Standards Act which were or could have been asserted in the Complaint. This release of rights is knowing and voluntary. PLAINTIFF WARD and PLAINTIFF ROLLAND also covenant and agree that this Agreement will not be final until the Court approves the dismissal of the case following its review of the basic terms of this Settlement Agreement and Release pursuant to the REVISED JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND JOINT STIPULATION FOR VOLUNTARY DISMISSAL OF CLAIMS WITH PREJUDICE, attached hereto as Exhibit A.

2. PLAINTIFF WARD and PLAINTIFF ROLLAND further agree, promise and covenant that neither they nor any person, organization or any other entity acting on their behalf will file, charge, claim, sue or cause or permit to be filed, charged, claimed, or sued, any action for damages or other relief (including injunctive, equitable, declaratory, monetary relief or other) against DEFENDANT and its current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and any related entities, subsidiaries, divisions, and their respective current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and every other individual and entity that was, or could have been, named in the Complaint or an amendment to the Complaint, involving any matter covered by the Fair Labor Standards Act occurring in the past up to the date of this Settlement Agreement and Release, or involving any continuing effects of actions or practices which arose under the Fair Labor Standards Act prior to the date of this Settlement Agreement and Release. PLAINTIFF WARD and PLAINTIFF ROLLAND acknowledge and agree that this Settlement Agreement and Release shall serve as a complete defense to any such action filed in violation of the provisions of this paragraph.

3. DEFENDANT agrees to dismiss the Counterclaim against PLAINTIFF WARD as part of the JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND JOINT STIPULATION FOR VOLUNTARY DISMISSAL OF CLAIMS WITH PREJUDICE, attached hereto as Exhibit A. DEFENDANT further agrees, promises and covenants that neither it nor any person, organization or any other entity acting on its behalf will file, charge, claim, sue or cause or permit to be filed, charged, claimed, or sued, any action for damages or other relief (including injunctive, equitable, declaratory, monetary relief or other) against PLAINTIFF WARD involving any matter occurring in the past up to the date of this Settlement Agreement and Release, or involving any continuing effects of actions or practices which arose prior to the date of this Settlement Agreement and Release, or involving and based upon any the Counterclaim or any other claims, demands, causes of action, obligations, damages or liabilities which are the subject of this Settlement Agreement and Release. DEFENDANT acknowledges

Joseph Ward
John Rolland
Direct South

and agrees that this Settlement Agreement and Release shall serve as a complete defense to any such action filed in violation of the provisions of this paragraph.

4. PLAINTIFF WARD and PLAINTIFF ROLLAND represent and warrant that they have not assigned or sold, or in any way disposed of their claims hereby released, or any part thereof, to anyone and that they will save and hold DEFENDANT harmless of and from any claims, actions, causes of action, demands, rights, damages, costs and expenses, including reasonable attorneys' fees, arising from a complete or partial assignment of the claims hereby released.

5. PLAINTIFF WARD and PLAINTIFF ROLLAND covenant and agree to indemnify and hold DEFENDANT harmless for any additional sums, including, but not limited to, liabilities, costs, and expenses, including reasonable attorneys' fees, as the result of any claim(s) for attorneys' fees which may at any time be asserted against DEFENDANT by PLAINTIFFS' counsel, or another party, on account of or in connection with the claims asserted in the Complaint. DEFENDANT has the sole and exclusive right to select counsel to defend any such claim(s).

6. PLAINTIFF WARD and PLAINTIFF ROLLAND acknowledge that they are relying on no representations or warranties by DEFENDANT that the payments made pursuant to this agreement or any portion thereof are properly excludable from taxable income. Rather, PLAINTIFF WARD and PLAINTIFF ROLLAND have been advised to seek advice from professional advisors of their choosing regarding tax treatment of this settlement. PLAINTIFF WARD and PLAINTIFF ROLLAND further covenant and agree to hold DEFENDANT harmless for any additional sums, including, but not limited to, costs and expenses, including reasonable attorney's fees, liabilities, interest, and penalties incurred by PLAINTIFF WARD and/or PLAINTIFF ROLLAND as a result of the tax treatment which each PLAINTIFF accords to the payments made to him pursuant to this Settlement Agreement and Release or as the result of any of said payments being made without being subjected to withholdings.

7. In connection with the waivers in Paragraph 1 of any and all claims that PLAINTIFF WARD and PLAINTIFF ROLLAND have or may have on the date hereof, PLAINTIFF WARD and PLAINTIFF ROLLAND make the following acknowledgments:

(a) By signing this Settlement Agreement and Release, each PLAINTIFF waives all claims against DEFENDANT and its current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and any related entities, subsidiaries, divisions, and their respective current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, for alleged violations of any legal duty owed to said PLAINTIFF under the Fair Labor Standards Act.

Joseph Ward
John Rolland
Direct South

Page 4 of 6

(b)     In consideration of the waivers made by PLAINTIFF WARD and PLAINTIFF ROLLAND under this Settlement Agreement and Release, PLAINTIFFS and their counsel will be receiving the settlement payments described in Paragraph 1 of this Settlement Agreement and Release.

(c)     PLAINTIFF WARD and PLAINTIFF ROLLAND have consulted with their attorney prior to executing this Settlement Agreement and Release and have been advised by their attorney in accordance with the Certificate of Counsel that is attached hereto as Exhibit B and by this reference made a part hereof.

8.    PLAINTIFFS and DEFENDANT understand and agree that this Settlement Agreement and Release is the compromise of disputed claims, and that the settlement is not to be construed as an admission of liability on the part of DEFENDANT and that DEFENDANT denies liability therefor and enters into said settlement merely to avoid further costs and litigation. It is further understood that neither PLAINTIFF is in any legal sense a "prevailing party" in connection with the Complaint.

9.    PLAINTIFFS and DEFENDANT covenant and agree that there are no collateral or outside agreements, promises or undertakings on the part of PLAINTIFFS or DEFENDANT other than those herein expressly stated and specifically and clearly agreed.

10.   This Settlement Agreement and Release shall be binding upon PLAINTIFF WARD and PLAINTIFF ROLLAND and their heirs, administrators, executors, successors and assigns, and shall inure to the benefit of DEFENDANT and its current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and any related entities, subsidiaries, divisions, and their respective current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities.

11.   This Settlement Agreement and Release is made and entered into in the State of Georgia, and shall in all respects be interpreted, enforced and governed under the laws of said State.

12.   Should any provision of this Settlement Agreement and Release be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Settlement Agreement and Release.

13.   As used in this Settlement Agreement and Release, the singular or plural number shall be deemed to include the other whenever the context so indicates or requires.

Joseph Ward
John Rolland
Direct South

Page 5 of 6

14. This Settlement Agreement and Release sets forth the entire agreement between the parties hereto, and fully supersedes any and all prior agreements or understandings between the parties hereto pertaining to the subject matter hereof. This Settlement Agreement and Release may not be modified except in writing signed by all parties.

15. This Settlement Agreement and Release may be executed in multiple counterparts, each of which will be deemed an original, but which together will be deemed one instrument.

**READ THIS AGREEMENT CAREFULLY BEFORE SIGNING.
IT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

**FOR PLAINTIFF WARD:**

_____
JOSEPH WARD              Date

_____
Thomas F. Martin
MARTIN & MARTIN, LLP
Attorney for Plaintiff Ward

**FOR PLAINTIFF ROLLAND:**

_____
JOHN ROLLAND             Date

_____
Thomas F. Martin
MARTIN & MARTIN, LLP
Attorney for Plaintiff Rolland

**FOR DEFENDANT:**

_____
DIRECT SOUTH, INC.       Date
By: G. N. Adams, President  1/20/16

_____  1/20/16
Frank L. Butler, III
CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP
Attorneys for Defendant

Joseph Ward
John Rolland
Direct South